**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | |
|---|---|
| **LUFKIN RETAIL, LLC,** § | |
| Plaintiff, § | |
| v. § | **CIVIL ACTION NO. _____** |
| § | |
| **SENECA SPECIALTY INSURANCE** § | |
| **COMPANY AND BASS** § | |
| **UNDERWRITERS, INC.** § | |
| Defendants. § | |
| § | |

**DEFENDANT BASS UNDERWRITERS, INC.'S
NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. Sections 1441 and 1446, Defendant Bass Underwriters, Inc. ("Bass"), in Cause No. CV-00262-16-04, pending in the 217th Judicial District Court of Angelina County, Texas, files this Notice of Removal from that court to the United States District Court for the Eastern District of Texas, Lufkin Division, and respectfully shows:

**I.
FACTUAL BACKGROUND**

1.1   On or about April 27, 2016, Plaintiff Lufkin Retail, LLC ("Plaintiff" or "Lufkin Retail") filed its Original Petition in the matter styled *Lufkin Retail, LLC v. Seneca Specialty Insurance Company and Bass Underwriters, Inc.*, Cause No. CV-00262-16-04, in the 217th Judicial District Court of Angelina County, Texas, in which Plaintiff asserts a claim for insurance policy proceeds under a commercial insurance policy with Seneca Specialty Insurance Company arising from damage to Plaintiff's commercial property that occurred on or about September 27, 2013.

1.2     Plaintiff did not identify the correct registered agent for Bass in Plaintiff's Original Petition, and instead identified a former Bass employee, Wesley Bowers, who had been previously listed as the registered agent for Bass with the Texas Secretary of State prior to April 6, 2016. *See* Original Petition at ¶4. As reflected by records filed with the Texas Secretary of State, Bass changed its registered agent on April 6, 2016 to Thomas Skora. *See* Statement of Change of Registered Office/Agent attached as Exhibit "D." Accordingly, although Plaintiff attempted to serve Bass through its former registered agent Wesley Bowers, such attempted service was not effective on Bass and Bass has not yet been served because Bowers was not Bass' employee or agent for service of process at any time during the pendency of this lawsuit.

1.3     Having not been served with process yet, Bass timely files this Notice of Removal within the time period required by 28 U. S. C. Section 1446(b). Attached hereto as Exhibit "A" is the Index of Matters Being Filed. A copy of the Angelina County District Clerk's file for this case is attached as Exhibit "B", which includes true and correct copies of all executed process, pleadings and orders, and a certified copy of the docket sheet. Attached hereto as Exhibit "C" is the Designation of Counsel.

## II.
## BASIS FOR REMOVAL

2.1     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### A.     THE PARTIES ARE OF DIVERSE CITIZENSHIP

2.2     Upon information and belief, and as plead in its Original Petition, Plaintiff is, and was at the time the lawsuit was filed, a citizen of the State of Texas. *See* Plaintiff's Original Petition at p.1; ¶2.

2.3     Defendant Seneca Specialty Insurance Company ("Seneca") was, and is at the date of this Notice, a New York corporation with its principal place of business in New York, and Seneca is therefore not a citizen of the State of Texas for diversity purposes. Accordingly, Seneca is of diverse citizenship to Plaintiff. Seneca has consented to removal of this matter to federal court.

2.4     Defendant Bass Underwriters, Inc. ("Bass") was, and is at the date of this Notice, a Florida corporation with its principal place of business in Florida, and Bass is therefore not a citizen of the State of Texas for diversity purposes. Accordingly, Bass is also of diverse citizenship to Plaintiff.

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.**

2.5     The amount in controversy requirement for Federal diversity jurisdiction is satisfied in this case as evidenced by Plaintiff's Original Petition in which Plaintiff specifically seeks "Damages for monetary relief are over $200,000 but not more than $1,000,000." *See* Original Petition at p. 8; ¶ 30. This amount clearly exceeds the jurisdictional requirements for subject matter jurisdiction, and demonstrates that the amount in controversy requirement is satisfied.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

3.1     Having not been served with process yet, Bass timely files this Notice of Removal within the time period required by 28 U. S. C. Section 1446(b). Attached hereto as Exhibit "A" is the Index of Matters Being Filed.

3.2     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and

because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.4     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.5     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of Angelina County District Court, promptly after Bass files this Notice.

## IV.
## DOCUMENTS AND EXHIBITS ACCOMPANYING REMOVAL

4.1     Simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is an index of all documents filed in the state court action and a copy of each document.

4.2     Attached hereto as Exhibit "B" is the Designation of Counsel.

4.3     Attached hereto as Exhibit "C" is the Statement of Change of Registered Office/Agent.

4.4     Attached hereto as Exhibit "D" is Seneca's Consent to Removal.

## V.
## CONCLUSION

5.1     Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Bass Underwriters, Inc. hereby removes this case to this court for trial and determination.

Respectfully submitted,

/s/ Daniel P. Buechler
Daniel P. Buechler
State Bar No. 24047756
Christina de la Garza
State Bar No. 24061898

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile:  (214) 871-8209
Email: dbuechler@thompsoncoe.com
Email: cdelagarza@thompsoncoe.com

And

James N. Isbell
State Bar No.  10431900

THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1600
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile:  (713) 403-8299
Email: jamesisbell@thompsoncoe.com

ATTORNEYS FOR DEFENDANT
BASS UNDERWRITERS, INC.

## CERTIFICATE OF SERVICE

This is to certify that on the 9th day of June 2016, a copy of this document was mailed to all counsel of record via electronic notice and/or certified mail, return receipt requested to:

Jeffrey J. Davis
JEFFREY J. DAVIS, PLLC
5615 Richmond Ave., Suite 250
Houston, Texas 77057

/s/ Daniel P. Buechler
Daniel P. Buechler