IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| LUFKIN RETAIL, LLC<br>    Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. 9:16-cv-00087 |
| SENECA SPECIALTY INSURANCE<br>COMPANY, AND<br>BASS UNDERWRITERS, INC.<br>    Defendants. | §<br>§<br>§<br>§<br>§ | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW, Plaintiff LUFKIN RETAIL, LLC, and files this Plaintiff's First Amended Complaint and complaining of Defendant SENECA SPECIALTY INSURANCE COMPANY and in support thereof, would show the Court and jury the following:

**I. PARTIES**

1.   Plaintiff, LUFKIN RETAIL, LLC (hereinafter "Plaintiff") is a Texas Limited Liability Company which owns real property in Angelina County, Texas.  Plaintiff is the named insured of an insurance policy subscribed to and/or issued by SENECA SPECIALTY INSURANCE COMPANY and would be affected by this Court's declaration of rights or duties under the insurance contract at issue.

2.   Defendant, SENECA SPECIALTY INSURANCE COMPANY (hereinafter "Defendant") is a foreign insurance company that engages in the business of selling insurance in Texas and has already made an appearance in this lawsuit.

## II. JURISDICTION AND VENUE

3. The court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper in this district under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to this claim occurred in this district. Plaintiff purchased an insurance policy in Angelina County, Texas from Defendant protecting real and personal property located in Angelina County, Texas. On or about September 27, 2013, Plaintiff's property suffered severe damage (hereinafter "Claim") as a result of an abrupt collapse. Plaintiff presented its Claim to Defendant. Defendant failed to pay the claim.

## III. AGENCY/RESPONDEAT SUPERIOR

5. All references herein to Defendant insofar as notice, knowledge, intent, acts, omissions, and all other conduct of same is concerned, necessarily includes that which was given, had, known, and done by and through Defendant's authorized agents and employees acting within the course and scope of their employment, agency, or other relationship.

## IV. BACKGROUND FACTS

6. Plaintiff is the named insured under a Commercial Property Policy of insurance (hereinafter "the Policy") issued and subscribed to by Defendant (sometimes referred to as the "Insurance Company") with an effective policy period of August 23, 2013 to August 23, 2014 under policy no. SPP 4800105.

7. On or about September 27, 2013, Plaintiff's property suffered severe damage (hereinafter "Claim") as a result of an abrupt collapse rendering the building uninhabitable for its

intended use. Plaintiff's loss is a covered loss and timely notified the Insurance Company of the loss.

8. The loss reported by Plaintiff was related to damage to the insured property. Nevertheless, acting upon the investigation conducted, Defendant's agents and/or adjusters sent a reservation of rights letter regarding Plaintiff's Claim on or about February 27, 2014. Defendant then denied the claim on or about May 9, 2014.

9. Plaintiff was forced to hire its own expert to adjust the loss, and to estimate it damages. Plaintiff was not compensated under the terms of the policy for a covered loss. Specifically, Defendant failed and refused to pay the Claim, even though timely demand was made to cover the loss of Plaintiff's property.

10. Plaintiff has fulfilled all conditions precedent and contractual obligations under the policy.

11. Defendant's investigation was outcome oriented that resulted in a biased, unfair and inadequate evaluation of Plaintiff's Claim. Plaintiff was forced to retain professional services to represent it to resolve these matters.

## V. CAUSES OF ACTION

### Count One: Breach of Contract

12. Plaintiff repeats and adopts all of the allegations and averments set forth in Paragraphs 1-11 as if fully set forth herein.

13. Plaintiff timely submitted its Claim for losses to Defendant.

14. Plaintiff made premiums payments to Defendant to cover such losses.

15. Plaintiff has fulfilled all conditions precedent and contractual obligations under the policy.

16. Defendant breached the insurance contract by failing to abide by the terms of the Policy, and specifically, by failing to pay Plaintiff for its covered loss.

17. As a direct result of Defendant's breach of the insurance contract, Plaintiff has sustained actual damages.

18. WHEREFORE, Plaintiff prays for this Court to enter an award in Plaintff's favor, of all actual damages under the Policy, pre and post judgment interest, attorneys fees and any and all such other relief as this Court deems just and proper.

## Ambiguity

19. Plaintiff repeats and adopts all of the allegations and averments set forth in Paragraphs 1-11 as if fully set forth herein.

20. In the alternative, and without waiving the foregoing, Plaintiff would show that any basis employed to deny coverage against the claims renders the language in the policies ambiguous and subject to multiple and imprecise interpretations. Plaintiff would show that in the event that the Court finds the language in the policies ambiguous, it is entitled to have any reasonable construction in favor of coverage applied and pursuant to Texas law all reasonable inferences must be afforded in favor of finding coverage.

## Count Two: Breach of Common Law Duty of Good Faith and Fair Dealing

21. Plaintiff repeats and adopts all of the allegations and averments set forth in Paragraphs 1-11 as if fully set forth herein.

22. Alternatively, and without waiving the foregoing, Plaintiff would show that its status as an insured under the policy, together with the claims made by Plaintiff herein that Defendant, acting by and through its agents and employees, has tortuously breached its duty of

good faith and fair dealing by *inter alia* its acts of omission, including but not limited to the following:

    a.    Defendant failed to provide promptly to Plaintiff a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;

    b.    Defendant refused to pay claims without conducting a reasonable investigation based upon all available information;

    c.    In failing to perform, adopt or implement reasonable standards for prompt investigation of claims arising out of the above-referenced policy;

    d.    In not attempting in good faith to effectuate a prompt, fair and equitable settlement of the claim of the Plaintiff when liability had become reasonably clear;

    e.    In compelling Plaintiff to retain representation by attorneys and file suit to recover amounts due under the policy;

    f.    In representing that insurance or insurance services are of a particular standard or quality when they are of another;

    g.    In representing that the insurance policy confers or involves rights, remedies or obligations which it does not have or involve, or which are prohibited by law;

    h.    In making or causing to be made a statement misrepresenting the terms, benefit or provisions of the insurance policy; and,

    i.    In engaging in false, misleading or deceptive acts or practices.

23.    Defendant also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's claim because Defendant knew or should have known that it was reasonably clear that the claim was covered.

24.    Defendant's breach of duty of good faith and fair dealing was a proximate cause of Plaintiff's damages. Further, Plaintiff's damages were such that Defendant, using the degree of care required by them, could have reasonably foreseen that the damages suffered by Plaintiff, or someone similarly situated, would reasonably result therefrom.

25. WHEREFORE, Plaintiff prays for this Court to enter an award, in Plaintiff's favor, of actual damages under the Policy, pre- and post- judgment interest, attorney fees and any and all such other relief as this Court deems just and proper.

## Count Three: Breach of Fiduciary Duty

26. Plaintiff repeats and adopts all of the allegations and averments set forth in Paragraphs 1-11 as if fully set forth herein.

27. Alternatively, and without waiving the foregoing, Defendant had a fiduciary relationship, or in the alternative, a relationship of trust and confidence. As a result, Defendant breached that fiduciary in the following manner, including but not limited to:

    a. The transaction was not fair and equitable to Plaintiff;

    b. Defendant did not make reasonable use of the confidence that Plaintiff placed in them;

    c. Defendant did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

    d. Defendant did not place the interests of Plaintiff before its own, and used the advantage of its position to gain a benefit for itself at the expense of Plaintiff;

    e. Defendant placed itself in a position where its self-interest might conflict with their obligations as a fiduciary; and

    f. Defendant did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

28. Defendant is liable to for Plaintiff's damages for breach of fiduciary duty, which damages were caused by their conduct.

## Count Four: Misrepresentation of Insurance Policy

29. Plaintiff repeats and adopts all of the allegations and averments set forth in Paragraphs 1-11 as if fully set forth herein.

30. Defendant has engaged in unfair or deceptive acts or practice in the handling of Plaintiff's claim by misrepresenting its insurance policy, in violation of Texas Insurance Code Section 541.061, through one or more of the following actions:

    a. making an untrue statement of material fact regarding Plaintiff's policy;

    b. failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

    c. making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    d. making a material misstatement of law; or

    e. failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

31. Defendant's conduct was a producing cause of Plaintiff's damages, including the full amount of the policy proceeds to which it is entitled. Additionally, Plaintiff is entitled to reasonable and necessary attorneys fees pursuant to Texas Insurance Code Section 541.152.

32. Defendant knew or should have known that its actions in handling Plaintiff's claim were in violation of the Texas Insurance Code. As such, Plaintiff is entitled to treble damages pursuant to Texas Insurance Code Section 541.152(d).

33. WHEREFORE, Plaintiff prays for this Court to enter an award, in Plaintiff's favor, of compensatory damages, pre- and post- judgment interest, attorneys fees and any and all such other relief as this Court deems just and proper.

### Count Five: Unfair Claims Settlement Practices pursuant to Texas Insurance Code 541 and 542

34. Plaintiff repeats and adopts all of the allegations and averments set forth in Paragraphs 1-11 as if fully set forth herein.

35. Plaintiff has satisfied all conditions precedent to bringing these causes of action. By their acts, omissions, failures, and conduct, Defendant engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

36. Such violations include, without limitation, all the conduct described in this amended complaint plus Defendant's failure to properly investigate Plaintiff's claim, unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and their failure to pay for the proper repair of Plaintiff's property on which their liability had become reasonably clear.

37. Defendant's acts and omission also include the hiring of and reliance upon a biased engineer to obtain favorable, result-oriented reports to assist them in low-balling and denying Plaintiff's claim, failure to look for coverage and give Plaintiff the benefit of the doubt and Defendant's misrepresentations of coverage under the subject insurance policy.

38. Defendant has engaged in unfair or deceptive acts or practice in the handling of Plaintiff's claim, in violation of Texas Insurance Code Section 541.060, through one or more of the following actions:

    a. Misrepresenting to the insured a material and/or pertinent facts or policy provision relating to coverage at issue; *See* 541.060 of the Texas Insurance Code;

    b. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims with respect to which the insurer's liability has become reasonably clear; *See* 541.060 of the Texas Insurance Code;

    c. Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement under one portion of a policy of a claim with respect to which the insurer's liability has become reasonably clear in order to influence the insured to settle an additional claim under another portion of the coverage; *See* 541.060 of the Texas Insurance Code;

  d. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of the claim; *See* 541.060 of the Texas Insurance Code;

  e. Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;

  f. Refusing to pay the claim without conducting a reasonable investigation with respect to Plaintiff's claim.

  g. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case; and/or,

  h. Engaging in unfair claims settlement practices.

39. Defendant also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing.

40. Defendant's conduct was a producing cause of Plaintiff's damages, including the full amount of the policy proceeds to which it is entitled. Additionally, Plaintiff is entitled to reasonable and necessary attorneys fees pursuant to Texas Insurance Codes Section 541.152.

41. Defendant knew or should have known that its actions in handling Plaintiff's claim were in violation of the Texas Insurance Code. As such, Plaintiff is entitled to treble damages pursuant to Texas Insurance Code Section 541.152(d).

43. WHEREFORE, Plaintiff prays for this Court to enter an award, in Plaintiff's favor, of compensatory damages, pre- and post- judgment interest, attorney fees and any and all such other relief as this Court deems just and proper.

### Count Six: Violation of Texas Prompt Payment of Claims Statute

44. Plaintiff repeats and adopts all of the allegations and averments set forth in Paragraphs 1-11 as if fully set forth herein.

9

45. Plaintiff holds a policy of insurance issued by Defendant, who is an entity authorized to provide insurance in Texas. Under the policy, Plaintiff is the insured and is entitled to direct payment from Defendant for any covered loss on the policy. On or about September 27, 2013, Plaintiff suffered damages to its insured property from an abrupt collapse. The damages are a covered loss under the policy issued to Plaintiff by Defendant; thus, Defendant is liable for Plaintiff's claim under the policy.

46. Plaintiff provided Defendant with written notice of a claim under the policy for the damages to its insured property. In violation of §542.055 of the Texas Insurance Code, Defendant failed to perform its statutory duties within 30 days of its receipt of Plaintiff's claim in that it did not timely:

    a. acknowledge receipt of Plaintiff's claim in writing;

    b. begin to investigate Plaintiff's claim; and

    c. request all necessary documents from Plaintiff.

47. Further, Defendant failed to notify Plaintiff in writing that it intended to take advantage of an extension of the 15-day deadline of §542.055 of Tex. Ins. Code, prior to the expiration of the deadline.

48. Plaintiff has submitted its claim and all documentation requested by Defendant for the assessment of Plaintiff's claim. Defendant has failed to pay Plaintiff's claim, and further, has failed to commence a reasonable investigation of the claim that constitute violations under §542.055, §542.056, and §542.058 of the Tex. Ins. Code.

49. As a result of Defendant's violation of Texas Insurance Code §542.055, §545.056 and §542.058, Plaintiff is entitled to recover the full amount of its claim, plus statutory damages

of 18% per annum on the amount of its claim, interest, taxable costs and all reasonable and necessary attorney fees.

50. WHEREFORE, Plaintiff prays for this Court to enter an award, in Plaintiff's favor, of compensatory damages, pre- and post- judgment interest, attorney fees and any and all such other relief as this Court deems just and proper.

### Count Seven: Unfair Insurance Practices

51. Plaintiff repeats and adopts all of the allegations and averments set forth in Paragraphs 1-11 as if fully set forth herein.

52. Defendant's adjuster has engaged in unfair or deceptive acts or practices in the handling of Plaintiff's claim, in violation of Texas Insurance Code Section 541.060, through one or more of the following actions:

    a. Misrepresenting to the insured a material and/or pertinent facts or policy provision relating to coverage at issue; *See* 541.060 of the Texas Insurance Code;

    b. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims with respect to which the insurer's liability has become reasonably clear; *See* 541.060 of the Texas Insurance Code;

    c. Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement under one portion of a policy of a claim with respect to which the insurer's liability has become reasonably clear in order to influence the insured to settle an additional claim under another portion of the coverage; *See* 541.060 of the Texas Insurance Code;

    d. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of the claim; *See* 541.060 of the Texas Insurance Code;

    i. Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;

    j. Refusing to pay the claim without conducting a reasonable investigation

11

          with respect to Plaintiff's claim.

    k.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case; and/or,

    l.    Engaging in unfair claims settlement practices.

53.    Defendant knew or should have known that its actions in handling Plaintiff's claim were in violation of the Texas Insurance Code. As such, Plaintiff is entitled to treble damages pursuant to Texas Insurance Code Section 541.152(d).

54.    WHEREFORE, Plaintiff prays for this Court to enter an award, in Plaintiff's favor, of compensatory damages, pre- and post- judgment interest, attorney fees and any and all such other relief as this Court deems just and proper.

## Count Eight: Deceptive Trade Practices Act and Tie-In Statute

55.    Plaintiff repeats and adopts all of the allegations and averments set forth in Paragraphs 1-11 as if fully set forth herein.

56.    Plaintiff is a "consumer" as defined by Section 17.45(4) of the Texas Business and Commerce Code. Plaintiff sought or acquired goods or by purchasing those goods or services from Defendant. Defendant violated the Texas Consumer Protection – Deceptive Trade Practices Act ("DTPA")(Tex. Bus. & Com. Code §17.44 et seq.), because it engaged in false, misleading and/or deceptive acts or practices that Plaintiff relied on to its detriment.

57.    Defendant's collective actions constitute violations of the DTPA, including but not limited to, violations under §17.46(b)(5), (7), (12), (14), (20), (24) and Section 17.50(a)(3), (4) of the TEX. BUS. & COMM. CODE. Defendant collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

    a.    Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

      b.    Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

      c.    Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

      d.    Using or employing an act or practice in violation of the Texas Insurance Code;

      e.    Unreasonably delaying the investigation, adjustment and resolution of Plaintiffs claim;

      f.    Their failure to properly investigate Plaintiffs' claims; and

      g.    Hiring of and reliance upon a biased engineer/adjuster to obtain a favorable, result-oriented report to assist Defendant in low-balling and denying Plaintiff's claim.

58. As described in this amended complaint, Defendant represented to Plaintiff that its insurance policies and Defendant's adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

59. As described in this amended complaint, Defendant represented to Plaintiff that their insurance policies and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

60. By representing that Defendant would pay to repair the damages covered under their policy and then not doing so, Defendant violated Sections 17.46 (b)(5), (7) and (12) of the DTPA;

61. Defendant breached an express warranty that the damage would be covered under the subject insurance policy. This breach entitles Plaintiff to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA;

62. Defendant's actions, as described in this amended complaint, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

63. Defendant's conduct, acts, omissions, and failures, as described in this amended complaint, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

64. Plaintiff was a consumer and relied upon these false, misleading, or deceptive acts or practices by Defendant to its detriment. As a direct and proximate result of Defendant's independent and/or collective acts and conduct, Plaintiff had been damaged, for which Plaintiff now sues. All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this petition.

65. Because Defendant's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages for Defendant knowingly committed its conduct. Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Defendant intentionally committed collectively its conduct.

66. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff was forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Tex. Bus. & Comm. Code, and any other such damages to which Plaintiff may show itself to be justly entitled by law and in equity.

67. Alternatively, and without waiving the foregoing, Plaintiff incorporates all prior paragraphs by reference. Defendant, acting by and through its agents and employees, has violated the Deceptive Trade Practices Act, which is incorporated by the Texas Insurance Code's tie-in statute.

### Count Nine: Fraudulent Inducement and/or Negligent Misrepresentation

68. Plaintiff repeats and adopts all of the allegations and averments set forth in Paragraphs 1-11 as if fully set forth herein.

69. Plaintiff would show that Defendant perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiff who relied upon such representations ultimately resulted in injuries and damages to them. Alternatively, Defendant fraudulently concealed material facts from Plaintiff, the result of which caused damages to Plaintiff that were foreseeable.

70. Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff, it has sustained damages far in excess of the minimum jurisdictional limits of this Court.

71. By reason of Plaintiff's reliance on Defendant's individual and/or collective fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this amended complaint, Plaintiff has suffered actual damages for which it now sues.

72. Plaintiff further alleges that Defendant individually and/or collectively, knew that the misrepresentations made to the Plaintiff were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Defendant, individually and/or collectively, and constitute conduct for which the law allows the imposition of exemplary damages.

73. In this regard, Plaintiff will show that it has incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

74. Accordingly, Plaintiff requests that exemplary damages be awarded against Defendant, in a sum in excess of the minimum jurisdictional limits of this Court.

## Waiver and Estoppel

75. Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs. Defendant has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights or denial letters to Plaintiff.

## VI.  ATTORNEY'S FEES

76. Plaintiff is entitled to reasonable and necessary attorney's fees Pursuant to Tex. Civ. Prac. & Rem. Code. Ann. §§ 38.001, et seq., DTPA § 17.50(d), and Texas Insurance Code § 541.152, Plaintiffs seek recovery of their reasonable and necessary attorney fees and court costs.

## VII.  NOTICE & CONDITIONS PRECEDENT

77. Plaintiff has provided Defendant notice of this action pursuant to Texas Insurance Code § 541.154.  Further, all conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## VIII.  DEMAND FOR JURY

78. Plaintiff demands a jury trial.

## IX.  DAMAGES

79. Defendant's acts have been a producing and proximate cause of damages to Plaintiff far in excess of the minimum jurisdictional limits of this court.

## X.  ADDITIONAL DAMAGES AND PENALITES

80. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, and violations of the Texas Deceptive Trade Practices Act, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policies, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts complained of, Plaintiff requests three times their actual damages.

81.  For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claims, as well as eighteen (18%) percent interest per annum of the amount of such claims as damages, together with their attorney's fees.

82. For a breach of Plaintiff's common law claims, including but not limited to the duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

## XI.  PRAYER

83. For all of the foregoing reasons, Plaintiff, LUFKIN RETAIL, LLC, prays that Defendant, SENECA SPECIALTY INSURANCE COMPANY, be cited to appear and answer, and that Plaintiff have judgment against Defendant for the following:

    a. All actual, incidental and consequential damages arising from Defendant's breach of contract and unlawful conduct, plus pre-judgment interest thereon as provided for by law;

    b. An award of punitive and exemplary damages against Defendant, separately and individually, in the maximum amount permitted by law;

    c. Costs of suit;

    d. Reasonable attorney fees through trial and appeal;

    e. Penalty interest at the rate of 18%;

    f. Post-judgment interest as provided by law from the date of judgment until paid; and,

    g. All such other and further relief to which Plaintiffs may be justly entitled, at law or in equity.

Respectfully Submitted,

**JEFFERY J. DAVIS, PLLC**

By: _____
Jeffery J. Davis
Federal ID No.26727
Texas Bar No. 24028276
5615 Richmond Avenue, Suite 250
Houston, Texas 77057
Telephone:  713-936-1031
Facsimile:   1-888-349-7063
jdavis@jjd-law.com


**PIERCE SKRABANEK BRUERA, PLLC**

/s/ M. Paul Skrabanek

---

M. PAUL SKRABANEK
Federal ID No. 919474
Texas Bar No. 24063005
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone:  (832) 690-7000
Facsimile:  (832) 616-5576
E-mail:     paul@psbfirm.com

**ATTORNEYS FOR PLAINTIFF,
LUFKIN RETAIL, LLC**

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 13th day of July, 2016, a copy of the foregoing has been served upon all counsel of record in this action by the Court's ECF Filing and/or facsimile to as follows:

**ATTORNEYS FOR DEFENDANT SENECA SPECIALTY INSURANCE COMPANY**
Daniel P. Buechler
Thompson, Coe, Cousins & Irons, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
dbuechler@thompsoncoe.com

James N. Isbell
Thompson, Coe, Cousins & Irons, L.L.P.
One Riverway, Suite 1600
Houston, Texas 77056
jamesisbell@thompsoncoe.com

---

Jeffery J. Davis